NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JNESO, DISTRICT COUNCIL 1, IUOE, AFL-CIO | : | |
| Plaintiff, | : | Civil No. 19-09236 (RBK/JS) |
| v. | : | **OPINION** |
| VIRTUA HEALTH, Inc. | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff JNESO, District Council 1, IUOE, AFL-CIO's (the "Union") Motion to Confirm Arbitration Award (Doc. No. 2). Defendant Virtua Health, Inc. ("Virtua") asserts that the Union lacks standing to bring this action in the absence of any showing that Virtua is either disputing or violating the terms of the arbitration award. The Court concludes that there is no actual case or controversy between the parties, and consequently **DENIES** the Union's Motion and **DISMISSES** its Petition to Confirm Arbitration Award (Doc. No. 1).

**I.    BACKGROUND**

**A. Factual History**

This case arises from a dispute about scheduling paid time off ("PTO"). Virtua and the Union are parties to a collective bargaining agreement for a bargaining unit of registered nurses who are employed at several locations, including Virtua's hospital in Voorhees, New Jersey. (Doc.

1

No. 5-1 at Ex. A ("CBA") at 56). Article 47.1.b.6 of the CBA provides that "[p]reviously approved vacation (PTO) for transfers may be honored by the new manager provided no bargaining unit member in the new unit has requested and been denied that specific time period off."

In March of 2018, Virtua closed the Observation Unit of its Voorhees hospital, which impacted ten nurses in the bargaining unit. (Doc. No. 1 at Ex. B ("Award") at 13). As a result of being transferred to new units, several of these nurses were required to adjust their previously scheduled PTO. (*Id*. at 13–15). The Union contended that Virtua's failure to honor previously approved PTO violated the CBA and brought a grievance action that proceeded to arbitration before Arbitrator Joseph Licata.

On March 25, 2019, Arbitrator Licata issued an Opinion and Award that sustained the Union's grievance but refused the Union's requested monetary relief. (*Id*. at 29–30). Instead, he entered a Cease and Desist Order barring Virtua from "violating Article 47.1.b.6 in the future." (*Id*. at 30).

### B. Procedural History

On April 3, 2019, the Union filed a Petition to Confirm Arbitration Award and Order and Entry of Judgment (Doc. No. 1 ("Petition")) and a Motion to Confirm Arbitration Award (Doc. No. 2), to which it declined to affix a memorandum in support. Virtual filed its Opposition on April 22, 2019 (Doc. No. 5 ("Def. Brief")), to which the Union replied on April 26, 2019 (Doc. No. 6 ("Pl. Brief"). Virtual then filed a letter motion for leave to file a sur-reply (Doc. No. 7), which the Court denied (Doc. No. 8).

## II. DISCUSSION

Virtua raises two distinct but parallel challenges to the Union's motion to confirm the arbitration award. First, Virtua asserts that the Labor Management Relations Act ("LMRA"), 29

U.S.C. § 141 *et seq.*, applies in this context, rather than the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and that the LMRA requires evidence of a violation of the arbitral award before judicial confirmation. Second, Virtua contends that the Union lacks Article III standing to seek confirmation of the Award at this time. (Def. Brief at 7). The Union counters that 9 U.S.C. § 9 unequivocally mandates summary confirmation of an unchallenged award. (Pl. Brief at 11). Virtua's first challenge fails, but the second ultimately carries the day.

    **A. Applicability of the FAA**

Section 9 of the FAA specifies that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration" then the prevailing party may petition the court for confirmation of the award, "and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Although the parties must agree that judgment shall be entered, "language that indicates the award will be final and binding implicitly permits Federal court intervention to compel compliance." *Teamsters-Employer Local No. 945 Pension Fund v. Acme Sanitation Corp.*, 963 F. Supp. 340, 347 (D.N.J. Feb. 24, 1997); *see also Kallen v. Dist. 1199 Nat'l Union of Hosp. & Health Care Emps.*, 574 F.2d 723, 726 (2d Cir. 1978). As Article 9.5 of the CBA provides that the arbitration award "shall be final and binding upon the parties," it implicitly authorizes the Court to confirm the award.

The FAA does not "create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, n. 32 (1983). However, Section 301 of the LMRA, 29 U.S.C. § 185, "grants this Court jurisdiction to confirm or vacate arbitration awards between a labor union and an employer." *Indep. Lab. Emps.' Union, Inc. v ExxonMobil Research & Eng'g Co.*, Case No. 3:18-cv-10835, 2019 WL 3416897, at

*4 (D.N.J. July 29, 2019) (citing *Tube City IMS, LLC v. USW Int'l Union, Local 5851-19*, 406 F. App'x 639 (3d Cir. 2011)). In this case, the Union properly brought this action to confirm an arbitration award between a labor union and an employer pursuant to the FAA and alleged that the LMRA provides subject-matter jurisdiction. (Petition at ¶¶ 1, 4).

Although the LMRA grants the Court subject-matter jurisdiction over this action, the FAA still applies. Virtua cites a great deal of caselaw from other circuits an effort to establish that "a petition to confirm an arbitration award rendered pursuant to a collective bargaining agreement is properly brought only under Section 301 of the [LMRA]." (Def. Brief at 7). "In this Circuit, however, the FAA applies to collective bargaining agreements." *Teamsters Local 331 v. Phila. Coca-Cola Bottling Co.*, Civil Action No. 06-6156, 2007 WL 4554240, at *3 (D.N.J. Dec. 20, 2007) (citing *Tenney Eng'g, Inc. v. United Elec. Radio & Machine Workers of Am., Local 437*, 207 F.2d 450 (3d Cir. 1953)).

The FAA applies broadly, but exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1 (defining "commerce"); 9 U.S.C. § 2 (applying FAA to all "contract[s] evidencing a transaction involving commerce"). Despite its potentially expansive language, the exception is narrowly construed, as it "exempts from the FAA only contracts of employment of transportation workers." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). In the Third Circuit, this exemption extends to "workers who are actually engaged in the movement of interstate or foreign commerce or in work so closely related thereto as to be in practical effect part of it." *Indep. Lab. Emps.' Union*, 2019 WL 3416897, at *5 (citing *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 593 (3d Cir. 2004)) (internal quotation marks omitted).

Virtua does not argue that the employees covered by the CBA fall within the exemption for transportation workers, nor is there any indication elsewhere in the record that they should. As such, this is an action pursuant to the FAA, not the LMRA.

**B. Article III Concerns**

The power of the federal judiciary to hear cases is limited to only those in which the plaintiff has constitutional standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To have constitutional standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. Further, "under the ripeness doctrine, federal courts will not decide a case where the claim involves contingent future events that may not occur as anticipated, or indeed may not occur at all." *Teamsters Local Union No. 177 v. United Parcel Servs.*, Case No. 19-726 (KM)(MAH), 2019 WL 3985902, at *3 (D.N.J. Aug. 22, 2019) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)) (internal quotation marks omitted). There are "two principal considerations for gauging ripeness including (1) 'the fitness of the issues for judicial decision' and (2) 'the hardship to the parties of withholding court consideration.'" *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

Virtua contends that the Union lacks standing to seek federal court confirmation of the arbitration award because Virtua does not dispute the award and has fully complied with it. (Def. Brief at 6–7, 11). Although Section 9 of the FAA appears to mandate federal courts to confirm arbitration awards without considering the parties' compliance, the FAA does not trump the Constitution. As such, the Court must consider whether Article III concerns prevent confirmation of the Award at this time.

Two factors govern whether a labor union has standing to seek confirmation of an arbitration award against an employer: "(1) whether there is an ongoing dispute over the terms or enforcement of the award; and (2) whether there is a realistic probability that the employer can wait out the limitations period and then violate the arbitration award when it is too late for the union to obtain judicial relief." *Teamsters Local Union No. 177*, 2019 WL 3985902, at *6 (synthesizing case law). Notably, these two factors are really just the canonical *Abbott Laboratories* factors for ripeness as applied to this factual context. If there is not an ongoing dispute over the terms or enforcement of the award, then the matter is likely not fit for judicial review, and if there is not a realistic probability that the employer can wait out the limitations period, then there is likely little hardship to the plaintiff from withholding court consideration.

*i. Abbott Laboratories I—Ongoing Dispute*

With respect to the first factor, Virtua's professed intent to comply with the Award is not fully dispositive. *See id.* (noting that "[a] union may perhaps be suspicious of an employer which professes full support for an award while fighting any attempt to render it judicially enforceable"). However, the employer must do something more than merely contest confirmation of the award in order to create the needed controversy. *See Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 598–600 (7th Cir. 2017) (finding union had standing to seek confirmation of arbitration awards despite employer's acceptance of them because there were forty-one pending alleged violations of the relevant provision of the collective bargaining agreement, indicating the parties continued to dispute the meaning of said provision); *Teamsters Local Union No. 177*, 2019 WL 3985902, at *1, 6 (finding factor did not control where union did not allege present violation of cease and desist arbitration award by employer but parties had settled previous allegation of violation).

6

The Union makes two arguments for the existence of an ongoing dispute. First, the Union asserts that Virtua's briefing demonstrates disregard for the award, (Pl. Brief at 7), but this overstates Virtua's position. Virtua states that "[t]here is no ongoing situation to which the cease and desist order applies," but does assert that it "intends to comply with the Award in any future matter which the Award controls." (Def. Brief at 6). As such, Virtua's briefing, by itself, does not demonstrate an intent to disregard the award.[1]

Second, the Union argues that Virtua's conduct with respect to a separate arbitration award issued by Arbitrator Daniel Brent (the "Brent Award") violated the terms of the Award. (Pl. Brief at 9). The Brent Award, issued November 30, 2018, found that Virtua violated the CBA by improperly denying PTO to certain employees and required Virtua to implement a new policy for scheduling PTO for these employees. (Doc. No. 6-3 at Ex. A ("Brent Award") at 10–11). The Union contends that Virtua subsequently violated the Brent Award, and filed a confirmation petition on January 25, 2019 to enforce the Award against Virtua. Petition to Confirm Arbitration Award and Entry of Judgment, JNESO, Dist. Council 1, IUOE v. Western Jersey Health Systems/Virtua Health Inc., Case No. 3:19-cv-01113-BRM-LHG (D.N.J. Jan. 25, 2019) (Doc. No. 1). On the same day, Virtua responded by filing a petition to vacate the Brent Award. Petition to Vacate Arbitration Award, Virtua Health Inc. v. JNESO Dist. Council 1, IUOE, AFL-CIO, Case No. 3:19-cv-01090-BRM-LHG (D.N.J. Jan. 25, 2019) (Doc. No. 1).

On March 25, 2019 Arbitrator Licata issued the Award at issue here, requiring Virtua to "Cease and Desist from violating Article 47.1.b.6 [of the CBA]." (Award at 31). As discussed

---

[1] The Union also contends that Virtua's failure to inform the Union of how it intends to comply with the Award either amounts to noncompliance or at least shows an intent to violate the Award. (Pl. Brief at 7). Given that the Union did not provide any concrete scenario of when the Award would apply, it is not surprising that Virtua did not provide any concrete details of its compliance plan. As such this conduct is also insufficient to show an actual dispute.

7

above, Article 47.1.b.6 of the CBA concerns PTO for employees transferring into a new unit. (CBA at Art. 47.1.b.6). There does not appear to be any contention by Plaintiffs that the employees covered by the Brent Award were transferring into another unit. Given that the Brent Award and the Licata Award concern different classes of employees, even if Virtua was violating the Brent Award it was not necessarily also violating the Licata Award. More importantly, the parties have settled their dispute regarding the Brent Award, meaning that whether or not Virtua was previously violating either the Brent Award and/or the Licata Award, such violation is not continuing at this time. Consent Order Confirming Arbitration Award in Part, JNESO, Dist. Council 1, IUOE v. Western Jersey Health Systems/Virtua Health Inc., Case No. 3:19-cv-01113-BRM-LHG (D.N.J. June 4, 2019) (Doc. No. 14).

    *ii. Abbott Laboratories II—Statute of Limitations*

Given that the Union can at best point to past violations of the Award that have now been resolved, it is in the same position as the plaintiffs in *Teamsters Local Union No. 177*, which found the statute of limitations factor dispositive. The FAA has a one-year statute of limitations. 9 U.S.C. § 9. But in actions to confirm an arbitration award under Section 301 of the LMRA, the relevant state statute of limitations controls. *Serv. Emp. Int'l Union,* 670 F.2d at 408–09 (3d Cir. 1982). In New Jersey, that statute of limitations is six years. *Teamsters Local Union No. 177*, 2019 WL 3985902, at *7 (citing *Policeman's Benevolent Ass'n, Local 292 v. Borough of North Haledon*, 730 A.2d 320, 326 (N.J. 1999)).

Although its opinion is somewhat unclear, the *Teamsters Local Union No. 177* court implicitly found that because an action under Section 301 of the LMRA is available to unions seeking to confirm an arbitration award against an employer, the Section 301 limitations period is the relevant one for the Article III inquiry, even if the instant action was brought pursuant to

Section 9 of the FAA. *See* 2019 WL 3985902, at *6–7.[2] That court found that Section 301's six-year limitations period, combined with the res judicata effect of an arbitration award, gave the plaintiff sufficient flexibility to enforce its rights should a dispute arise in the future. *Id*. at *7–8. The Court agrees with this analysis and finds that it is similarly unlikely that Virtua will be able to wait out New Jersey's six-year statute of limitations. As such, the second factor indicates that this case is unripe.

Consequently, there is no Article III case or controversy between the parties. The Court lacks subject-matter jurisdiction to grant the Union's petition for confirmation of an arbitration award in the absence of a case or controversy. Further, pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss an action upon determining that it lacks subject-matter jurisdiction. As such, the Union's petition must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Union's Motion to Confirm Arbitration Award (Doc. No. 2) is **DENIED** and the Union's Petition to Confirm Arbitration Award (Doc. No. 1) is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(h)(3). An Order follows.


Dated: 10/21/2019                           s/ Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                         United States District Judge

---

[2] Because Section 301 of the LMRA provides an equally effective method for labor unions to enforce arbitration awards against employers as Section 9 of the FAA, there is no meaningful hardship to the Union if the FAA's limitations period expires before it is able to bring an action under Section 9 so long as an action under Section 301 is still available. *See Seafarers Int'l Union of N. Am., AFL-CIO v. U.S. Coast Guard*, 736 F.2d 19, 28–29 (2d Cir. 1984) (finding availability of alternative remedies indicated little hardship to parties from withholding court review); *Connecticut v. Spellings*, 453 F. Supp. 2d 459, 491 (D. Conn. 2006) (same), *aff'd sub nom. Connecticut v. Duncan*, 612 F.3d 107 (2d Cir. 2010).